Affirmed and Memorandum Opinion filed April 8, 2004









Affirmed and Memorandum Opinion filed April 8, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00856-CR

____________

 

AL
JEROME KEYS, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

 



 

On Appeal from the 339th
District Court

Harris
County, Texas

Trial Court Cause No. 935,439

 



 

M E M O R A N D U M   O P I N I O N

After a jury trial, appellant was convicted of the offense of
possession of more than four grams, but less than 200 grams, of cocaine.  On July 30, 2003, the trial court sentenced
appellant to confinement for six years in the Institutional Division of the Texas
Department of Criminal Justice. 
Appellant filed a pro se notice of appeal.








Appellant=s appointed counsel filed a brief in which he concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991).  Appellant
has filed a response in which he asserts his arrest was pretextual.  See Garcia v. State, 827 S.W.2d 937,
939‑940 (Tex. Crim. App. 1992) (defining a pretext arrest as one in which
an individual is validly arrested for one offense only because law enforcement
officials wanted to investigate that individual for a different offense for
which they do not have valid legal grounds to arrest).  He argues his warrantless arrest lacked
probable cause and was followed by an illegal search in violation of his Fourth
Amendment rights.  Appellant also asserts
his Fifth Amendment rights were violated when he was coerced into an admission
of possessing drugs.  He also challenges
the sufficiency of the evidence and the effectiveness of his appointed trial
counsel=s representation.








Appellant=s appointed counsel reviewed the evidence supporting
appellant=s conviction and accurately recited
the relevant facts in his brief.  Late
January 7th and early January 8th, 2003, off-duty police officers working
security at a Motel 6 approached Room 339 to investigate a noise disturbance complaint.  Neither officer was in uniform, but both were
wearing badges and carrying guns.  After
the officers knocked twice and identified themselves as police officers, the
door was opened.  The room was occupied
by five black males, and the floor was strewn with hollowed out cigars used for
smoking marijuana.  The officers did not
enter the room, but for their safety, asked all the room=s occupants to go into the hallway,
face the wall, kneel, and show their hands. 
The officers testified they did not have their weapons drawn, no arrests
were made, and no probable cause for arrest existed at that time.  The officers asked all the men if there were
weapons or narcotics in the room, and they responded there were not.  Then the men were asked if anyone had Adope,@ and appellant responded, AYeah. 
I=m holding weight.@ 
The officers then took him into custody, handcuffed him, and searched
him.  In his jacket pocket, they found a
glass pipe and eleven baggies containing a white powdery substance that
field-tested positive for cocaine.  Subsequent
lab tests confirmed that the baggies contained 13.5 grams of 56% pure cocaine. 

Appellant was charged with possession with intent to deliver
a controlled substance.  After a jury
trial, he was convicted of the lesser-included offense of possession of more
than four grams, but less than 200 grams, of cocaine.  Appellant=s appointed trial counsel filed a
motion to suppress, which was carried with the case and heard during
trial.  The trial court overruled the
motion, and appellant=s counsel repeatedly renewed his objection to the evidence
during trial.

Appellant=s potential issues raised in response to counsel=s Anders brief stem from the
denial of his motion to suppress the cocaine recovered from his jacket
pocket.  Appellant testified outside the
jury=s presence that he thought he was
under arrest when he made the comment about carrying Aweight.@ 
Therefore, he argues that his oral statement was admitted in error
because the officers failed to comply with Miranda v. Arizona, 384 U.S.
436, 86 S. Ct. 1602 (1966).  He asserts
the evidence seized was inadmissible as the fruit of the poisonous tree.  See Tex.
Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2003) (ANo evidence obtained by an officer or
other person in violation of any provisions of the Constitution or laws of the
State of Texas, or of the Constitution or laws of the United States of America,
shall be admitted in evidence against the accused on the trial of any criminal
case.@)








Appellant=s appointed appellate counsel analyzed the evidence at trial
and concluded that the trial court correctly determined appellant was subjected
to a noncustodial investigative detention at the time he made the statement in
question.  An officer who lacks probable
cause but whose observations lead to a reasonable suspicion that a particular
person has committed, is committing, or is about to commit a crime, may detain
that person briefly in order to investigate the circumstances that provoke the
suspicion.  Berkemer v. McCarty,
468 U.S. 420, 439, 104 S. Ct. 3138 (1984). 
We afford almost total deference to the trial court=s determination of historical facts
that the record supports, especially when the fact‑findings are based on
an evaluation of the witnesses= credibility and demeanor. 
State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).  

The record supports the trial court=s finding that appellant=s detention was merely investigative
and not the result of a custodial interrogation.  See, e.g., Mays v. State, 726 S.W.2d
937, 944 (Tex. Crim. App. 1986) (holding that officer=s conduct in handcuffing two men did
not constitute arrest and was reasonable under circumstances as investigative
detention).  The trial court, in its
evaluation of the witnesses= credibility, believed the officers= testimony that they briefly detained
appellant and the other men to investigate the noise complaint, and their
actions were only to ensure officer safety during the detention.  The officers were suspicious that appellant
and the other men were engaged in drug activity after they saw the hollowed-out
cigars used to smoke marijuana.  Appellant
was not the focus of the investigation until after he made the admission he
possessed drugs.  The other men, who made
no statements, were later released. 
Because appellant was not in custody, Miranda warnings were not
required.  Thus, the trial court did not
abuse its discretion in denying appellant=s motion to suppress.  

Appellant=s admission, the testimony of the arresting officers, the
recovery of the cocaine, and the circumstantial evidence at trial clearly
constituted sufficient evidence to support appellant=s conviction.  Accordingly, appellant=s appointed counsel correctly
concluded the evidence was sufficient, appellant=s constitutional rights were not
violated, and trial counsel=s performance was not deficient.  We have carefully reviewed the record,
counsel=s brief, and appellant=s pro se response, and agree there
are no arguable grounds for appeal.  Our
independent review reveals no reversible error in the record.  Further discussion of the brief and response
would add nothing to the jurisprudence of the state.

Accordingly, the judgment of the trial court is affirmed.

PER CURIAM

Judgment rendered and Memorandum
Opinion filed April 8, 2004.

Panel consists of Chief Justice
Hedges and Justices Frost and Guzman. 

Do Not Publish C Tex. R. App. P. 47.2(b).